UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON WASHINGTON,

      Plaintiff,

                            CASE NO. 5:14-CV-12077
                            JUDGE JOHN CORBETT O'MEARA
                            MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

EATON STEEL CORPORATION
and DERRICK HALLMAN,

      Defendants.

                                        /

## ORDER DEEMING RESOLVED IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (Doc. Ent. 19)

**A.**     **Background**

Plaintiff Jason Washington filed this lawsuit on May 23, 2014 against defendants Eaton Steel Corporation and Derrick Hallman. Doc. Ent. 1. Plaintiff alleges race discrimination, citing both the Civil Rights Act of 1964 (42 U.S.C. §§ 2000a - 2000h-6) and Michigan's Elliott-Larsen Civil Rights Act (Mich. Comp. Laws §§ 37.2101 - 37.2804). *See* Doc. Ent. 1 ¶ 25.

On June 30, 2014, Judge O'Meara entered an order of partial dismissal, whereby the Court dismissed the ELCRA cause of action. Doc. Ent. 13.

**B.**     **Instant Motion**

On October 13, 2014, plaintiff filed a motion to compel discovery. Doc. Ent. 19. Specifically, plaintiff seeks entry of an order requiring defendant Hallman to be produced for his deposition, prior to the deposition of plaintiff, on a date in November 2014. Moreover, plaintiff requests an award of costs and attorney fees associated with this motion. Doc. Ent. 19 at 3.

Defendants filed a response on October 27, 2014. Doc. Ent. 22. Plaintiff filed a reply on

November 3, 2014.  Doc. Ent. 23.

On November 10, 2014, the parties filed a joint list of unresolved issues.  Doc. Ent. 24.

**C.**   **Discussion**

Judge O'Meara has referred this motion to me for hearing and determination.  Doc. Ent. 20.  A hearing was noticed for November 17, 2014.  Doc. Ent. 21.  On the date set for hearing, attorneys Raymond Guzall, III, and Courtney L. Nichols appeared.

Having considered the aforementioned motion papers and the oral arguments of counsel for the parties, I conclude that plaintiff's motion to compel (Doc. Ent. 19) should be deemed resolved with respect to the depositions and granted in part with respect to the request for an award of costs and fees.

**D.**   **Order**

Consistent with my ruling from the bench, plaintiff's motion to compel (Doc. Ent. 19) is DEEMED RESOLVED to the extent it sought to depose defendant Hallman in advance of plaintiff's deposition.  Defendant Hallman's deposition SHALL take place on Thursday, November 20, 2014 at 4 p.m. at defense counsel's office (Plunkett Cooney, P.C., 38505 Woodward Ave., Suite 2000, Bloomfield Hills, MI 48034).  Plaintiff's deposition SHALL take place at a date, time and location to be agreed upon by the parties.

Moreover, plaintiff's motion to compel (Doc. Ent. 29) is GRANTED IN PART to the extent it sought an award of costs and attorney fees.  In lieu of plaintiff's counsel's November 17, 2014 request for reimbursement of 5.75 hours (4 for the motion and 1.75 for the reply), defendants SHALL pay the court reporter's fee to be present at defendant Hallman's deposition.  However, the parties remain responsible for the cost of their own copies of the deposition

transcript.

        IT IS SO ORDERED.

        The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).


Dated: November 17, 2014        s/Paul J. Komives
                                            PAUL J. KOMIVES
                                            UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on November 18, 2014, electronically.

                                            s/Michael Williams
                                            Case Manager for the
                                            Honorable Paul J. Komives