UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON WASHINGTON,

        Plaintiff,

Case No. 14-12077

Honorable John Corbett O'Meara

v.

EATON STEEL CORPORATION and DERRICK HALLMAN,

        Defendants.

        _____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' JUNE 23, 2015 MOTION FOR ATTORNEYS' FEES AND COSTS**

This matter came before the court on defendants Eaton Steel Corporation and Derrick Hallman's June 23, 2015 motion for attorneys' fees and costs. Plaintiff Jason Washington filed a response July 6, 2015; and Defendants filed a reply brief July 20, 2015. No oral argument was heard.

Plaintiff Jason Washington filed this race discrimination suit against his former employer and one of its supervisors following termination of his employment. This court granted Defendants' motion for summary judgment May 18, 2015, finding not only that Plaintiff failed to establish a *prima facie* case of race discrimination, but also that he failed to establish that Defendants' legitimate, non-discriminatory reason for his termination was mere pretext to mask discrimination. May 18, 2015 Order at 4-5. Defendants now seek an award of attorney fees ($29,952.00) and costs ($1,735.83).

Title VII allows this court, in its discretion, to award reasonable attorneys' fees to prevailing parties. Pursuant to 42 U.S.C. § 2000e-5(k):

> In any action or proceeding under this subchapter, the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

A successful defendant may recover attorney fees only if the plaintiff's action was frivolous, unreasonable, or without foundation, even though it may not have been brought in subjective bad faith. Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 422 (1978). The United States Court of Appeals for the Sixth Circuit has explained,

> In assessing whether a district court abused its discretion when it granted attorney's fees to a defendant, this court has previously considered factors including: (1) whether plaintiff presented sufficient evidence to establish a prima facie case; (2) whether defendant offered to settle the case; and (3) whether the trial court dismissed the case prior to trial.

E.E.O.C. v. Peoplemark, Inc., 732 F.3d 584, 591 (6th Cir. 2012).

In this case Defendants have established that plaintiff Washington failed to present a *prima facie* case of discrimination and that the court granted their pre-trial motion for summary judgment.

Pursuant to 28 U.S.C. § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Sixth Circuit has held that such a sanction may be imposed "despite the absence of any conscious impropriety." Jones v. Continental Corp., 789 F.2d 1225, 1230 (6th Cir. 1986).

Defendants argue that Plaintiff's counsel had "multiple opportunities to withdraw Plaintiff's baseless Complaint and steadfastly refused to do so, despite the fact that the uncontroverted record supported the positions Defendants had articulated since prior to this litigation." Defs.' br. at 13.

In addition, Defendants have submitted evidence of reasonable attorneys' fees, calculated according to the lodestar method, in an amount less than $30,000.

Although it appears that the court could award attorneys' fees in this case, it will not do so. In all civil cases that come before the court, there is a winner and a loser.  American courts have not adopted the English court's "loser pays" system, and it is often difficult for courts to determine whether to assess fees to the prevailing party.  This case is a close call.  Plaintiff's counsel is reminded of his obligation as a member of the bar not to pursue actions which may be deemed frivolous and must be vigilant to ensure that his litigation tactics do not needlessly obstruct the litigation of nonfrivolous claims.  Id.  The court will award Defendants their costs in this matter.

## ORDER

It is hereby **ORDERED** that Defendants' June 23, 2015 motion for attorneys' fees and costs is **DENIED** as to an award of attorneys' fees and **GRANTED** as to an award of costs in the amount of $1,735.83.

s/John Corbett O'Meara
United States District Judge

Date:  October 14, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 14, 2015, using the ECF system.

s/William Barkholz
Case Manager